### MUTUAL BENEFIT LIFE INSURANCE CO. *v.* WILSON *et al.*

ATKINSON, Presiding Justice. The caption of the act approved August 17, 1920 (Ga. L. 1920, p. 245), now embodied in the Code, §§ 113-1721, 113-1722, 113-1723, is: "An act to authorize executors, administrators, and trustees, where there is not sufficient personal property to pay the debts of any estate, to sell, for the purpose of paying such debts, land

left by will providing that said land be kept together until the benefici-aries thereunder reach the age of twenty-one years and providing that said land can not be sold until the happening of some contingency which rotates [relates] to the future; to provide for the passing of the title of the land so sold; to prescribe the mode, method, and procedure necessary in case of such sale, and to provide that in all other respects than as set out in this act such sale shall be made as provided in sections 3064 and 3065 of the Code of Georgia; and for other purposes." In the act it is declared "that from and after the passage of this act it shall be lawful, in all cases where property is left by will heretofore, as [or] hereafter made, providing for the keeping together and holding the real estate named in such will until the beneficiaries under such will shall arrive at the age of twenty-one years," the real estate may be sold in stated circumstances for payment of debts. "Provided, however, that *before any such sale* shall be finally consummated, such executor, administrator, or trustee *shall* file in the office of the clerk of the superior court . . a petition in writing addressed to the judge of the superior court, . . setting forth" specified details of the transaction. Also, that all such sales "shall be made" as provided for sales for re-investment by guardian, and "to be approved and confirmed by said judge by appropriate order; and the entire proceedings shall be recorded on the minutes of the superior court, and properly indexed." In the instant case the will in question is the same as that involved in *Refinance Corporation of Georgia* v. *Wilson,* 183 *Ga.* 336 (188 S. E. 707). *Held:*

1. The above statute does not provide a cumulative, but, on the contrary, the exclusive method by which executors, administrators, and trustees may obtain authority to sell land for the payment of debts when such land is by will devised with the requirement that said land be kept together until the beneficiaries thereunder reach the age of twenty-one years.

2. When said act applies, a sale by virtue of an order of the court of ordinary, granted under the Code, § 113-1706, does not divest the title of the devisees.

3. That the will in the instant case was executed and probated before the enactment of the act above referred to is no reason why its provisions are inapplicable in the instant case; the application to and the order of the ordinary, and the sale thereunder, having taken place since the date of the approval of the act.

4. The amendment objected to was properly allowed.

5. Under the record, the foregoing rulings are decisive of the case. The petition stated a cause of action.

*Judgment affirmed. All the Justices concur.*

No. 12967. NOVEMBER 29, 1939.

354

*George W. Lankford* and *G. C. Webb,* for plaintiff in error.
*Sharpe & Graham,* contra.